UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502; CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND; CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND; CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND; CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND; CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST; CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUNDS; and CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, | CASE NO.: 19-cv-1366<br><br>JUDGE:<br><br>MAG. JUDGE: |
| Plaintiffs, | |
| vs. | |
| AZTEC CEMENT COMPANY, INC., an Illinois Corporation, | |
| Defendant. | |

## COMPLAINT

NOW COME the Plaintiffs, the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST, the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND, the CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND and the

CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 complaining of Defendant AZTEC CEMENT COMPANY, INC., and in support, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d) in that the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST and the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND (collectively "TRUST FUNDS") are administered at 739 25th Ave., Bellwood, Illinois 60104 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to the Collective Bargaining Agreement ("CBA") entered into between the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 ("UNION") and the Mid-America Regional Bargaining Association, and therefore are multiemployer plans under 29 U.S.C. §§ 1002(37).

4. The CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND ("LMCC") is a labor management cooperation committee that is administered in Bellwood, Illinois.

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the TRUST FUNDS and the LMCC are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. The UNION is the bargaining representative of the Defendant AZTEC CEMENT COMPANY, INC. ("AZTEC CEMENT")'s bargaining-unit employees.

7. The Defendant AZTEC CEMENT is an Illinois corporation with its principal place of business in Homer Glen, Illinois.

## COUNT I
## BREACH OF CONTRACT

8. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. AZTEC CEMENT is an employer engaged in an industry affecting commerce, which agreed to be bound by the terms of the CBA. (A copy of the CBA is attached as **Exhibit 1**).

10. On or around April 17, 2018, AZTEC CEMENT entered into a Memorandum of Agreement with the UNION. (A copy of the Memorandum of Agreement is attached as **Exhibit 2**).

11. Through the CBA and Memorandum of Agreement, AZTEC CEMENT agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

12. Pursuant to the provisions of the CBA, Memorandum of Agreement, and Trust Agreements, Defendant AZTEC CEMENT is required to make monthly reports of the number of hours worked by its bargaining-unit employees and pay contributions to the TRUST FUNDS and LMCC for each hour that a bargaining-unit employee performs any work at the negotiated

rate set forth in the CBA. The monthly reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 1**).

13. Pursuant to the CBA, AZTEC CEMENT is required to deduct five Dollars ($5.00) from its bargaining-unit employees' wages for each hour worked and remit it to the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND. (**Exhibit 1**).

14. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132) and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly reports and contributions to the TRUST FUNDS and the LMCC on a timely basis are responsible for the payment of liquidated damages equal to fifteen percent (15%) of the amount unpaid, plus interest at either a rate of ten percent (10%) per annum or the highest legally acceptable interest rate, any reasonable attorney's fees and costs of maintaining suit, as well as any auditor fees incurred.

15. Pursuant to the CBA and properly executed check-off cards, AZTEC CEMENT is required to deduct four percent (4%) from its bargaining-unit employees' wages for each hour worked and remit it to the UNION. (**Exhibit 1**).

16. AZTEC CEMENT failed to submit timely payment of contributions and union dues for the month of July 2018.

17. As a result of AZTEC CEMENT's failure to remit timely payment for contributions and union dues for the month of July 2018, AZTEC CEMENT owes the TRUST FUNDS $1,993.20 in liquidated damages.

18. AZTEC CEMENT failed to submit their monthly reports for the months of August 2018, September 2018, October 2018, November 2018, December 2018, and January 2019 and owes contributions and wage deductions in an unknown amount.

19. As a result of AZTEC CEMENT's failure to timely remit payment of contributions and wage deduction for the months of August 2018, September 2018, October 2018, November 2018, December 2018, and January 2019, AZTEC CEMENT owes the TRUST FUNDS, LMCC, and the UNION liquidated damages and interest in an unknown amount.

20. Defendant AZTEC CEMENT has a continuing obligation to remit monthly contribution reports, contributions and wage deductions on a monthly basis to Plaintiffs, and to comply with the terms of the CBA, Memorandum of Agreement, and Trust Agreements.

21. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from AZTEC CEMENT.

22. Plaintiffs have complied with all conditions precedent in bringing this suit.

23. Defendant AZTEC CEMENT is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

WHEREFORE, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendant AZTEC CEMENT in the amount of $1,993.20 for liquidated damages resulting from its late payment of contributions and wage deductions for the month of July 2018;

B. That Defendant AZTEC CEMENT be ordered to remit its monthly contribution reports for the months of August 2018, September 2018, October 2018, November 2018, December 2018, and January 2019;

C. That Judgment be entered in favor of Plaintiffs and against Defendant AZTEC CEMENT for any and all other contributions, wage deductions, liquidated damages, and interest found to be due and owing for the months of August 2018, September 2018, October 2018, November 2018, December 2018, and January 2019;

D.      That Judgment be entered in favor of Plaintiffs and against Defendant AZTEC CEMENT for any and all other contributions, wage deductions, liquidated damages, and interest found to be due and owing in addition to those referenced in Paragraphs A through C above;

E.      That Defendant AZTEC CEMENT be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

F.      That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant AZTEC CEMENT's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502** *et al.*

/s/ Lucas J. Habeeb - 6329755
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 757-5472
habeeb@johnsonkrol.com